UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ERNESTO CHAVEZ-REYES, a/k/a
Fernando,
        *Defendant-Appellant.*

No. 01-4383

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-00-411)

Submitted: December 26, 2001

Decided: January 18, 2002

Before WILKINS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ernesto Chavez-Reyes appeals his sentence pursuant to a guilty plea for conspiracy to distribute cocaine hydrochloride, carrying and using a short barreled shotgun and an assault rifle during and in relation to a drug trafficking crime, possession of a firearm by an illegal alien, and possession of ammunition by an illegal alien. Chavez-Reyes' attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal. On Chavez-Reyes' behalf, counsel contends the district court misapplied the Sentencing Guidelines to reach an improperly severe sentence.

Chavez-Reyes filed a pro se supplemental brief alleging the district court misapplied the Sentencing Guidelines by failing to group his conviction for carrying and using a short barreled shotgun and an assault rifle during and in relation to a drug trafficking crime with his other convictions, which were grouped pursuant to *U.S. Sentencing Guidelines Manual* § 3D1.2(a), (c) (2000). He also asserts ineffective assistance of counsel based on counsel's alleged failure to investigate the Government's version of the crime.

We have reviewed the entire record in this case in accordance with the requirements of *Anders* and find no error in the district court's application of the Sentencing Guidelines. Chavez-Reyes was sentenced to the statutory minimum penalty on Counts One and Nine, and Counts Thirteen and Fourteen were properly grouped with Count One pursuant to USSG § 3D1.2(a), (c). Moreover, the sentence imposed on Count Nine was statutorily mandated to run consecutively to the sentences on the other convictions. 18 U.S.C.A. § 924(c)(1)(D)(ii) (West 2000); USSG § 3D1.1(b).

Chavez-Reyes claims he was denied effective assistance of counsel because his counsel accepted the Government's version of the facts

and failed to conduct an independent investigation. Claims of ineffective assistance generally are not cognizable on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. King*, 119 F.3d 290 (4th Cir. 1997). Because the record does not conclusively show counsel was ineffective, we decline to consider Chavez-Reyes' ineffective assistance of counsel claim.

We note a clerical error in Chavez-Reyes' criminal judgment. The Government charged Chavez-Reyes with carrying and using a short barreled shotgun and an assault rifle during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1)(B)(i). This is also the charge listed in the plea agreement. Although the judgment correctly describes this offense as carrying and using firearms during a drug trafficking crime, it inaccurately lists the statutory violation as 18 U.S.C.A. § 924(a)(l)(B)(i) rather than 18 U.S.C.A. § 924(c)(l)(B)(i). We request the clerk of the district court correct this typographical error. *See* Fed. R. Crim. P. 36.

Finally we deny counsel's motion to withdraw and require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Chavez Reyes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chavez-Reyes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*